IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **TERRY MCCOVEY,** | : | |
| **Plaintiff,** | : | |
| VS. | : | NO. 7:22-CV-00119-HL-TQL |
| **WARDEN SHAWN EMMONS,** *et al.*, | : | |
| **Defendants.** | : | |

**ORDER**

Plaintiff Terry McCovey, an inmate currently incarcerated at the Valdosta State Prison in Valdosta, Georgia, has filed a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). On November 21, 2022, Plaintiff was ordered to pay an initial partial filing fee in the amount of $15.33 or file a renewed motion for leave to proceed *in forma pauperis* if he was no longer able to pay the initial partial filing fee. Plaintiff was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of his Complaint. *See generally* Order, Nov. 21, 2022, ECF No. 4.

The time for compliance passed without a response from Plaintiff. As such, Plaintiff was ordered to respond and show cause why his case should not be dismissed for the failure to comply with the Court's orders and instructions. Plaintiff was again given fourteen (14) days to respond, and he was warned that the failure to respond would result in the dismissal of his Complaint. *See generally* Order, Dec. 20, 2022, ECF No. 5.

The time for compliance has again passed without a response from Plaintiff. Because Plaintiff has failed to comply with the Court's orders and instructions and otherwise failed to diligently prosecute his claims, this action is **DISMISSED without prejudice.** *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[1]

**SO ORDERED**, this 23rd day of January, 2023.

*s/ Hugh Lawson*
HUGH LAWSON, SR. JUDGE

---

[1] There is a chance that the applicable statute of limitations has run or is about to run on at least some of Plaintiff's claims. "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)). If this dismissal is effectively with prejudice, dismissal is nonetheless appropriate because "a clear record of delay or willful misconduct exists, and . . . lesser sanctions are inadequate to correct such conduct." *Stephenson*, 554 F. App'x at 837 (citations omitted). The Court ordered plaintiff to comply with its orders and instructions on more than one occasion and specifically warned Plaintiff each time that failure to comply would result in dismissal of this action. Thus, even though this dismissal is intended to be without prejudice, dismissal with prejudice would also be appropriate. *See Hickman v. Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014) (per curiam) (upholding *sua sponte* dismissal with prejudice for failure to properly respond to the district court's order); *Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862, 864 (11th Cir. 2008) (per curiam) (same).